UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN E. SCHMIEGE,

          Petitioner,

    v.                              22-CV-849-LJV
                                      DECISION & ORDER

NYSDOCCS,

          Respondent.
_____

       The *pro se* petitioner, Brian Schmiege, is a prisoner confined at the Five Points Correctional Facility ("Five Points"). He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is receiving inadequate medical care while he is in state custody. Docket Item 1.

       On February 15, 2023, the respondent moved to dismiss the petition on the grounds that Schmiege's claims are moot and not cognizable under 28 U.S.C. § 2254. Docket Item 8. Moreover, the respondent argues that even if Schmiege's claims are not moot and can be bought under 28 U.S.C. § 2254, he has not properly exhausted those claims. *See id.* On February 24, 2023, Schmiege responded to the motion to dismiss. Docket Item 10.

       Schmiege then filed a motion for a default judgment, Docket Item 11, as well as a motion for "emergency injunct[ive] relief and for [his] immediate release from prison custody," Docket Item 14. The respondent opposed Schmiege's motion for immediate

release,[1]  Docket Item 16, and Schmiege replied in further support of that motion, Docket Item 17.  In his reply, Schmiege requested a hearing and the appointment of counsel.  *See id.* at 1.

For the reasons that follow, the respondent's motion to dismiss is granted, and Schmiege's motions are denied as moot.

## FACTUAL BACKGROUND[2]

On November 16, 2017, Schmiege was sentenced in New York State Supreme Court, Niagara County, to four-and-one-third to eleven years' imprisonment for third-degree attempted burglary, second-degree auto stripping, a probation violation, and other offenses.  Docket Item 1 at 1, 22.  Schmiege appealed his convictions and sentence to the New York State Supreme Court, Appellate Division, Fourth Department, which affirmed.  *See People v. Schmiege*, 173 A.D.3d 1824, 104 N.Y.S.3d 458 (4th Dep't 2019); *People v. Schmiege*, 173 A.D.3d 1685, 99 N.Y.S.3d 917 (4th Dep't 2019); *People v. Schmiege*, 172 A.D.3d 1897, 97 N.Y.S.3d 903 (4th Dep't 2019).

During his incarceration, Schmiege has suffered from a number of serious health ailments that have not been adequately treated.  More specifically, Schmiege says that he is "still not rec[eiving] any kind of life[-]saving cancer care[,] heart treatments[,] or

---

[1] In that response, the respondent also withdrew its argument that the petition should be dismissed on mootness grounds.  Docket Item 16 at 1.

[2] Unless otherwise noted, the following facts are taken from the petition and attached documents, Docket Item 1, and Schmiege's motion for immediate release and reply to that motion, Docket Items 14 and 17.  On a motion to dismiss a habeas corpus petition brought under 28 U.S.C. § 2254, a court "must accept all facts alleged in the complaint or petition as true, drawing all reasonable inferences in favor of the [petitioner]."  *Tripathy v. Schneider*, 473 F. Supp. 3d 220, 226 (W.D.N.Y. 2020).

surger[ies] for nerve damage in [his] neck, back[, and] both arm[s]."  Docket Item 1 at 5.
"[T]he painful mass on [Schmiege's] left kidney [also] has gone untreated for years."  *Id.*
Moreover, Schmiege suffers from four "very serious heart conditions."  Docket Item 17 at 1.  Because of those health issues, Schmiege "ha[s] lost over 100 pounds and [his] health is rapidly declining."  Docket Item 1 at 5.

Schmiege "was finally seen by a nurse practi[]tioner . . . on [May 15, 2023,] at Elmira [Correctional Facility]," where he had been transferred from Five Points.  Docket Item 14 at 1.  That "was [his] first time being seen by a medical provider in over" one year and three months.  *Id.*  The nurse practitioner ordered medical testing "for all of [Schmiege's] well[-]documented medical conditions" and also "order[ed] Ensure protein shake[s]."  *Id.*  The test results showed "that [Schmiege's] cancer has spread and [his] liver and kidney and heart levels had gotten worse."  *Id.* at 1-2.

Schmiege then was transferred back to Five Points.  *Id.* at 2-3.  "Since [his] arrival back [at] Five Points," Schmiege "ha[s] been deni[ed] all of [his] pain medications . . . and [has] been cut off of [his] Ensure prot[ein] shakes without being provided with any substitute or reasoning."  *Id.* at 3.  He also has been denied access to addiction-treatment programs.  *Id.*  Schmiege alleges that he has been denied adequate medical care "out of reta[]liation because [he] reported [] misconduct" by a doctor at Five Points.  *Id.*  And Schmiege says that he does not have health insurance and will not be covered by insurance "until [he] get[s] released from prison custody."  Docket Item 17 at 2, 8.

Schmiege has sought relief in state court based on those medical ailments.  More specifically, in August 2021, Schmiege moved to vacate his conviction and sentence under New York Criminal Procedure Law ("C.P.L.") §§ 440.10(h) and

440.20(1).  Docket Item 1 at 6, 24-33.  Schmiege argued that his sentence should be vacated under C.P.L. § 440.20(1) because of his "unusual health circumstances."  *See id.* at 30.  And Schmiege argued that his conviction should be set aside under C.P.L. § 440.10(h) because he did not knowingly and voluntarily plead guilty to the violation of probation.  *See id.* at 24-25.

On December 30, 2021, the New York State Supreme Court, Niagara County, denied Schmiege's motions under C.P.L. §§ 440.10 and 440.20.  *Id.* at 22-23.  Schmiege then asked for leave to appeal that decision to the Appellate Division, *id.* at 14-21, and the Appellate Division denied leave to appeal, *id.* at 35.  After that, Schmiege filed this petition under 28 U.S.C. § 2254 in this Court.  Docket Item 1.

## DISCUSSION

### I.     CONDITIONS-OF-CONFINEMENT CLAIMS UNDER 28 U.S.C. § 2254

As an initial matter, the respondent argues that Schmiege's claims of inadequate medical care must be brought under 42 U.S.C. § 1983 instead of 28 U.S.C. § 2254.  Docket Item 8-6 at 6-13.  That is, the respondent says that because Schmiege's claims challenge his conditions of his confinement—not his underlying convictions or the validity or length of his sentence—he cannot seek habeas relief.  *See id.*

Courts in this Circuit have reached different conclusions as to whether a prisoner who seeks his or her release from state custody due to unconstitutional conditions of confinement may bring a habeas corpus petition under 28 U.S.C. § 2254 or instead must proceed under 42 U.S.C. § 1983.  *Compare, e.g.*, *Tripathy*, 473 F. Supp. 3d at 226 ("[T]his Court has considered and rejected the argument that relief under [s]ection 1983 is available to a prisoner who, like [the p]etitioner, is in state custody and seeks release

4

from custody as his sole remedy for allegedly unconstitutional conditions of confinement."), *with, e.g.*, *Acevedo v. Capra*, 545 F. Supp. 3d 107, 118 (S.D.N.Y. 2021) ("[W]hen a prisoner challenge[s] the conditions of his confinement he must do so in an action under 42 U.S.C. § 1983."). The Second Circuit recently heard several appeals that might have resolved whether conditions-of-confinement claims can be brought under 28 U.S.C. § 2254, but the court dismissed those cases because even if the petitioners' claims were cognizable under section 2254, they were unexhausted. *See Bowman v. Capra*, 2023 WL 4339502, at *1-2 (2d Cir. July 5, 2023); *Brooks v. Annucci*, 2023 WL 4344581, at *1-2 (2d Cir. July 5, 2023); *Green v. Quiros*, 2023 WL 4345405, at *1-2 (2d Cir. July 5, 2023). And this Court similarly has dismissed conditions-of-confinement claims brought under 28 U.S.C. § 2254 for failure to exhaust without opining about whether those claims can be brought under section 2254 in the first instance. *See Williams v. New York*, 2020 WL 5995185, at *1-2 (W.D.N.Y. Oct. 8, 2020).

That same reasoning applies here. For the reasons stated below, Schmiege's claims are unexhausted and cannot proceed in this Court. Because the petition is dismissed for that reason, the Court need not and does not resolve whether section 2254 is the appropriate vehicle for Schmiege's conditions-of-confinement claims.

## II.  EXHAUSTION

Section 2254 "generally requires a petitioner for a writ of habeas corpus to show that he [or she] has 'exhausted the remedies available in the courts of the [s]tate' in order for the writ to be granted." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (summary order) (quoting 28 U.S.C. § 2254(b)(1)(A)). "Exhaustion of state

5

remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (alterations omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)); *see also Chrysler v. Guiney*, 806 F.3d 104, 116 (2d Cir. 2015) ("Federal habeas corpus law generally gives state courts the first opportunity to address state prisoners' claims that their custody violates federal law.").

"[T]he failure to exhaust may be excused only in the rare case where 'there is an absence of available [s]tate corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Tripathy*, 473 F. Supp. 3d at 229 (quoting 28 U.S.C. § 2254(b)(1)(B)). "These exceptions are met 'where there is no further state proceeding for [the] petitioner to pursue,' or 'where further pursuit would be futile.'" *Elleby v. Smith*, 2020 WL 2611921, at *4 (S.D.N.Y. May 22, 2020) (alterations omitted) (quoting *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000)). On the other hand, "[i]t is well established that a petitioner may not bypass state courts merely because they may be unreceptive to the [petitioner's] claim[s]." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003).

Schmiege argues that he exhausted the claims in his petition through his motion to vacate his sentence under C.P.L. § 440.20.[3]   Docket Item 10 at 2-3; Docket Item 11

---

[3] Schmiege also filed a petition under Article 78 of the New York Civil Practice Law & Rules challenging his medical treatment at Lakeview Correctional Facility.  *See* Docket Item 8-2.  That petition was denied in late 2020, *see* Docket Item 8-4, and there is no indication that Schmiege sought further review of that decision.  Schmiege does not argue that he exhausted his claims through that petition, *see* Docket Item 10 at 3, and, in any event, Schmiege could not have exhausted his claims through that petition. *See, e.g., Scales v. N.Y. State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005)

6

at 1. But because C.P.L. § 440.20 cannot be used to raise the sort of claims that Schmiege raises here, his claims remain unexhausted.

C.P.L. § 440.20 provides that at "[a]ny time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed[,] or otherwise invalid as a matter of law." N.Y. C.P.L. § 440.20(1). New York courts have held that a motion to vacate a sentence under C.P.L. § 440.20 cannot be used to set aside a sentence based on post-sentencing developments. For example, in *People v. White*, 69 Misc.3d 425, 131 N.Y.S.3d 488 (Sup. Ct. N.Y. Cnty. 2020), the New York State Supreme Court, New York County, denied a defendant's motion to vacate his sentence under C.P.L. § 440.20 based on his vulnerability to COVID-19. In reaching that conclusion, the court looked to other decisions finding that a defendant can challenge only "the legality of a sentence at the time it was pronounced"—not his or her conditions of confinement—under C.P.L. § 440.20. *Id.* at 434-35, 131 N.Y.S.3d at 495 (collecting cases). For that reason, the court concluded that the defendant could not "use a [section] 440.20 motion to circumvent the procedures that are in place to address claims of deliberate indifference to his medical needs." *Id.* at 439, 131 N.Y.S.3d at 498.

---

("If the Article 78 petition is denied, the petitioner must appeal that denial to the 'highest state court capable of reviewing it.'" (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003))). And while Schmiege refers to "sev[]eral grievances" that he has filed about his medical care and letters that he has written, Docket Item 1 at 7, those grievances and letters did not "fairly present [Schmiege's] federal claims to the state *courts*." *See Carvajal*, 633 F.3d at 104 (emphasis added); *cf. Gray v. Howard*, 2020 WL 7491273, at *3 (W.D.N.Y. Dec. 21, 2020) (dismissing petition under 28 U.S.C. § 2241 because prison grievances did not adequately exhaust claims).

Likewise, in *People v. Bedell*, 210 A.D.2d 922, 621 N.Y.S.2d 967 (4th Dep't 1994), the New York State Supreme Court, Appellate Division, Fourth Department, affirmed the lower court's denial of a defendant's motion to set aside her sentence under C.P.L. § 440.20.  In a concurring opinion, then-Appellate Division Justice Richard C. Wesley explained why the defendant could not seek to vacate her sentence under C.P.L. § 440.20 based on post-sentencing rehabilitation.  More specifically, then-Justice Wesley reasoned that "no authority [] permits a mid-sentence constitutional assessment" of the legality of a defendant's sentence based on post-sentencing developments.  *Id.* at 923, 621 N.Y.S.2d at 968 (Wesley, J., concurring).  Instead, "[t]he Court's power to examine the constitutional dimensions of a [s]tate-imposed sentencing scheme[] is limited to weighing the gravity of the offense against the danger the offender poses to society at the time the sentence is imposed."  *Id.*

So as those cases show, a motion under C.P.L. § 440.20 is not the correct vehicle to bring the sort of conditions-of-confinement claims that Schmiege raises here.  *See White*, 69 Misc.3d at 439, 131 N.Y.S.3d at 498 ("Although [the] defendant here frames his claim as one going to the continued legality of his sentence, his real challenge[] . . . is to the conditions of his confinement.").  And that interpretation is corroborated by the court's order denying Schmiege's motion under C.P.L. § 440.20.  In denying that motion, the court acknowledged that Schmiege's "incarceration has not been easy" in light of his "health problems."  Docket Item 1 at 23.  Still, the court found that "there was nothing inappropriate with the sentence[e it] imposed," citing "a letter received from a victim," the damage caused by Schmiege's offenses, and Schmiege's role as a "ringleader who le[d] another individual into his criminal behavior."  *Id.* at 22-

23.  The court then advised Schmiege to "bring a suit with counsel" if he had "a complaint about the medical care being provided by [the New York State Department of Corrections and Community Supervision ("DOCCS")]."  *Id.*  In other words, the court concluded that Schmiege's sentence was lawfully imposed, denied his motion to vacate his sentence under C.P.L. § 440.20, and suggested that any conditions-of-confinement claims could be brought in a separate action by a different vehicle.

"Where a petitioner 'used the wrong procedural vehicle' to present his claim to the state courts, 'the state courts never had a fair opportunity to pass on his claim' and the claim is unexhausted."  *Ramos v. Racette*, 2012 WL 12924, at *16 (E.D.N.Y. Jan. 4, 2012) (quoting *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985)).  Because C.P.L. § 440.20 was not the correct vehicle for raising the conditions-of-confinement claims in Schmiege's petition, he has not exhausted those claims.

Nor does any exception to exhaustion apply here.  New York State provides avenues for Schmiege to raise his conditions-of-confinement claims.  *See* 28 U.S.C. § 2254(b)(1)(B)(i); *see also, e.g.*, *Tripathy*, 473 F. Supp. 3d at 228 ("In New York, state prisoners may contest the constitutionality of their confinement by filing a habeas corpus petition pursuant to Article 70 of the New York Civil Practice Law and Rules."); *White*, 69 Misc.3d at 439, 131 N.Y.S.3d at 499 (suggesting that the defendant's claims related to COVID-19 belonged in "an Article 78 proceeding or a petition for a writ of habeas corpus").  And while this Court recognizes the pressing nature of Schmiege's health concerns, Schmiege does not point to any "circumstances [] that [would] render [the state court] process ineffective to protect [his] rights."  28 U.S.C. § 2254(b)(1)(B)(ii).

For those reasons, Schmiege's claims are unexhausted, and no exception to exhaustion applies here.  Schmiege's petition therefore is dismissed without prejudice. *See Schunk v. Erie County*, 2020 WL 4927475, at *2 (W.D.N.Y. July 7, 2020) ("Because [the p]etitioner has not exhausted any of the claims raised in his [p]etition, the proper course for the Court would be to dismiss the [p]etition without prejudice to refiling after [the p]etitioner has exhausted his state remedies."), *adopted*, 2020 WL 4926576 (W.D.N.Y. Aug. 17, 2020).

## CONCLUSION

For the reasons stated above, the respondent's motion to dismiss, Docket Item 8, is GRANTED, and the petition is dismissed without prejudice.  Schmiege's motions for default judgment and for immediate release, as well as his requests for a hearing and for the appointment of counsel, are denied as moot.  The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

Schmiege must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in

this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   July 24, 2023
             Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE